**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TERRANCE TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-186 (MTT)** |
| | ) | |
| **CONLAN COMPANY, *et. al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Defendant Bahnson Engineering Systems ("Bahnson") moves to dismiss Plaintiff Terrance Turner's complaint under Federal Rule of Civil Procedure 12(b)(3) for improper venue, and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF 10. Because venue is improper, and because the complaint fails to state a claim, the motion to dismiss is **GRANTED**.

### I. BACKGROUND

On May 14, 2026, Plaintiff Terrance Turner filed a complaint against Defendants Conlan Company, Bahnson, Denise Depolis, Forrest Powell, Jaunita Worthy, Federal Trade Commission, Occupational Safety and Health Administration (OSHA), and USSOCOM. ECF 1-1 at 2. As noted before in this district, Turner has filed numerous suits that are "nonsensical," "irrational," "illogical," and "unintelligible." *Turner v. Block, Inc.*, 2026 WL 1349056, at *1 (M.D. Ga. May 14, 2026) (citations omitted). Turner's latest complaint in this Court is no different. Although difficult to discern, Turner appears to allege that Bahnson, located in North Carolina, and Conlan Company, located in the Northern District of Georgia, have, through Depolis and Powell, carried out a scheme

pretending to hire people into safety-related jobs who are willing to overlook purported safety violations on certain job sites. ECF 1 at 7. Turner alleges he was promised this type of job but was never contacted again. *Id.* at 9-10. Through this scheme, the Defendants have “endanger[ed] the lives of American citizens through terrorism” and “create[ed] products and services that injure and endanger the safety of their customers.” *Id.* at 25.

Turner purports to bring the following claims: (1) claims under 42 U.S.C. § 1981 for circumventing his rights when he explained his safety concerns and terminating him for trying to protect the wellbeing of others (*id.* at 24); (2) claims under 15 U.S.C. § 45 (the “Federal Trade Commissions Act”) for working with “operatives” to circumvent OSHA and endanger American citizens through terrorism (*id.* at 24-25); (3) claims under 15 U.S.C. § 2051 (“Consumer Product Safety Act”) for allegedly creating “unknown” products and services that injure and endanger the safety of their customers through “conspiracy of silence” about purported safety violations (*id* at 25); (4) claims under 15 U.S.C. § 2301 (the “Magnuson-Moss Warranty Act,” which is the primary federal law governing consumer product warranties) for the companies’ allegedly violative products and termination of his employment after he sought to correct safety issues (*id.* at 25-26, 28); and (5) claims under 29 U.S.C. § 201 (the Fair Labor Standards Act (“FLSA”) for the employment opportunity being a “false employment occupation trap” and “fake labor scam where no work can be performed” that could possibly lead to an unknown disaster causing criminal charges (*id.* at 26-27). However, Turner fails to specify which claims are brought against which Defendants. *Id.* at 24-28.

Bahnson filed a motion to dismiss, arguing that venue is improper and the complaint fails to state a claim. ECF 10. Turner responded to the motion to dismiss, but he did not address the merits of the motion; instead, he accused counsel of “legal malpractice and plagiarism,” named various individuals and groups allegedly involved in the conspiracy, and used threatening language against a variety of people. ECF 15.

## II. STANDARD

### A. 12(b)(3): Improper Venue

A party may move to dismiss a claim for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Where a defendant moves to dismiss for improper venue, “the plaintiff bears the burden of showing that venue in the forum is proper.” *Heinisch v. Bernardini*, 2014 WL 4976215, at *1 (M.D. Ga. Oct. 3, 2014) (quotation omitted). To overcome a motion to dismiss for improper venue, “the plaintiff must present only a prima facie showing of venue ….” *DeLong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988). Further, “[t]he facts as alleged in the complaint are taken as true to the extent they are uncontroverted by defendants’ affidavits.” *Id.* 28 U.S.C. § 1391(b) provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Section 1391 defines residency of a natural person as “the judicial district in which that person is domiciled” and residency of an entity with capacity to sue and be sued as “any

judicial district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c).

**B. 12(b)(6): Failure to State a Claim**

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Where there are dispositive issues of law, a court may dismiss a claim

regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

## III. DISCUSSION

### A. Improper Venue

Defendant argues that Turner improperly filed his complaint in the Middle District of Georgia because none of the venue provisions in 28 U.S.C. § 1391(b) apply. ECF 10-1 at 7. The Court agrees. The first possibility under § 1391(b) is not met since the complaint alleges that the Defendants in this action do not all reside in Georgia. ECF 1-1 at 2. Regarding the second possibility, Turner does not allege that any of the events giving rise to the claim occurred in the Middle District of Georgia. Finally, there are other districts in which this action could be brought, as the allegations seem to relate to his application for employment with Conlan, which is located in the Northern District of Georgia. *Id*. Therefore, venue does not lie in this district.

Whether to dismiss the case or transfer to the correct district is within the discretion of the district court. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *United States v. Sabatino*, 2026 WL 1534370, at *3 (11th Cir. June 1, 2026) ("[T]he decision whether to transfer a case is left to the sound discretion of the district court … We have never required a district court to transfer *sua sponte* instead of dismissing for improper venue." (quotation omitted). Here, Turner never asked for a transfer of venue. Furthermore, given the obvious substantive problems

Turner's complaint suffers, dismissal is appropriate here. Therefore, the complaint is dismissed for improper venue.

**B. Failure to State a Claim**

Even if venue were proper, Turner's complaint still fails to state a claim as it is an egregious example of a shotgun pleading. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Turner's complaint violates Rule 8(a)(2)'s "short and plain statement" requirement because "it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). Therefore, the complaint also fails to state a claim.

## IV. CONCLUSION

For the above reasons, Bahnson's motion to dismiss (ECF 10) is **GRANTED**. Turner's complaint (ECF 1) is **DISMISSED**.

**SO ORDERED**, this 5th day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT